UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00727-GNS

KATHLEEN SMITH
on behalf of herself, and as a representative
of a class of participants and beneficiaries on
behalf of the Humana Retirement Savings Plan                    PLAINTIFF


v.


HUMANA, INC. et al.                                              DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 31).  The motion is ripe for adjudication.

I.        **STATEMENT OF FACTS AND CLAIMS**

This is an action brought under the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1193c, concerning the administration of Defendant Humana, Inc.'s ("Humana") Retirement Savings Plan ("the Plan").  (Compl. ¶ 1, DN 1).  The Plan is a defined contribution employee pension plan subject to ERISA.  (Compl. ¶ 2).  Plaintiff Kathleen Smith ("Smith"), a former Humana employee and Plan participant, alleges that Defendants improperly allocated forfeited Plan funds to offset Humana's contributions to the Plan instead of to defray administrative costs.  (Compl. ¶¶ 3, 12).  Smith alleges that these allocations constitute a breach of Defendants' fiduciary duties under ERISA, violations of ERISA's anti-inurement provision, and self-dealing prohibited by ERISA.  (Compl. ¶¶ 1, 82-149).

1

The Plan is funded with contributions from Humana employees and matching contributions from Humana itself.  (Compl. ¶ 26).  While employee-participants are immediately vested in their own contributions, employee-participants are vested in Humana's contributions—and any associated gain or loss—following a vesting period.  (Compl. ¶ 27).  If employee-participants leave their job before the end of the vesting period, they forfeit Humana's matching contributions, which then become assets of the Plan itself.  (Compl. ¶¶ 27-29).  Pursuant to the Plan's governing documents Plan administrators could apply the forfeited funds to offset Humana's future contributions, administrative expenses, or both.[1]  (Compl. ¶¶ 28, 34, 37-38).  Smith alleges that during the relevant time period, Plan administrators allocated forfeitures entirely to reducing Humana's future obligations and once those obligations were covered by forfeitures, still failed to use excess forfeitures to offset administrative expenses, in violation of ERISA.  (Compl. ¶¶ 43-69).

Defendants now move to dismiss Smith's claims in their entirety.  (Defs.' Mot. Dismiss, DN 31).

## II.        JURISDICTION

The Court has jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III.        STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl.*

---

[1] This has since changed and forfeitures are now to be used first to reduce Humana's contributions. (Compl. ¶ 39 n.4).

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

In the context of ERISA, the Supreme Court has noted that motions to dismiss under Fed. R. Civ. P 12(b)(6) are "important mechanism[s] for weeding out meritless claims" and that courts should therefore engage in a "careful, context-sensitive scrutiny of a complaint's allegations." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).

### IV.    <u>DISCUSSION</u>

All parties agree on the importance of a sister court's decision in *Donelson v. Meijer, Inc.*, 826 F. Supp. 3d 898 (W.D. Mich. 2025).  (*See* Defs.' Mot. Dismiss 1, 9-11; Pl.'s Resp. Defs.' Mot. Dismiss 8-9, DN 36).  *Donelson* involved nearly identical claims about forfeited contributions to a grocery chain's retirement plan.  *Donelson*, 826 F. Supp. 3d at 900.  The court in *Donelson* held that the trustees' use of forfeitures to reduce employer contributions instead of administrative costs did not constitute a breach of their fiduciary duties.  *Id.* at 903-04.  Plaintiffs question the logic of the *Donelson* decision.  (Pl.'s Resp. Defs.' Mot. Dismiss 8-9 ("The *Donelson* court did not meaningfully analyze the defendant's decisions or its process regarding forfeitures to determine

whether they were prudent or loyal in light of the facts and circumstances at the time.")).  This Court, however, sees no reason to disagree with a sister court, especially since its holding aligns with the "significant majority" of courts in other circuits that have considered similar claims. *Donelson*, 826 F. Supp. 3d at 904 (collecting cases).

The *Donelson* plaintiff has, however, appealed the decision to the Sixth Circuit.  *Donelson*, 826 F. Supp. 3d 898, *appeal docketed*, No. 26-1098 (6th Cir. Jan. 27, 2026).  Any opinion issued by the Sixth Circuit in *Donelson* will surely influence—if not determine—the outcome of Smith's claims in this matter.  *See Comput. & Eng'g Servs. v. Blue Cross & Blue Shield of Mich.*, No. 2:12-CV-15611, 2013 WL 3835352, at *1 (E.D. Mich. July 24, 2013).  Accordingly, Defendants' motion to dismiss will be administratively remanded until the Sixth Circuit has issued a ruling on the appeal pending in *Donelson*.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 31) is **ADMINISTRATIVELY REMANDED**, to be reinstated following the conclusion of the appeal in *Donelson v. Meijer, Inc.*, upon a motion by any party.

**Greg N. Stivers, Judge**
**United States District Court**
July 21, 2026

cc:    counsel of record

4